UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VOTE NO ON AMENDMENT ONE, INC.
a West Virginia Corporation; KATHERINE LEWIS;
and STACY NORTH

      *Plaintiffs*,

v.                                                    Civil Action No. 2:18-cv-1406
                                                      (Honorable Thomas E. Johnston)

MAC WARNER, SECRETARY OF
STATE OF THE STATE OF WEST
VIRGINIA, in his official
capacity as Secretary of State

      *Defendant*.

REPLY MEMORANDUM OF LAW

IN SUPPORT OF MOTION TO DISMISS

## CONTENTS

ARGUMENT ................................................................................................................................. 1

I.      There Is No Immediate Controversy In This Case Because The Election Is Over .................................................................................................................... 1

II.     Plaintiffs Have Not Met Their Burden To Show Their Claim Is "Capable Of Repetition But Evading Review" ..................................................................... 3

CONCLUSION .............................................................................................................................. 6

CERTIFICATE OF SERVICE ...................................................................................................... 1

**ARGUMENT**

Plaintiffs' response focuses solely on the claims of Plaintiffs North and Lewis, and makes no argument that the claims of Vote No On Issue One, Inc. are not moot. The arguments in support of the remaining plaintiffs do not parry away the thrust of *Golden v. Zwickler*, and therefore do not defeat the application of the mootness doctrine. Plaintiffs assert that this case is within a narrow exception to the mootness doctrine, but have not met their burden of showing that the exception actually applies. Accordingly, this case should be dismissed.

**I.   There Is No Immediate Controversy In This Case Because It Is Wholly Conjectural That The Facts Underlying This Case Will Recoccur.**

The response advances a single argument in support of the assertion that this case is not moot: That the motion's "reliance on *Golden v. Zwickler* is misplaced." Pl. Mem. Resp. Mot. Dismiss (ECF #12) at 7. The asserted distinctions between this case and *Golden* are either inaccurate or irrelevant, and in neither case do these assertions change the foundational defect in Plaintiff's claim—that it is "wholly conjectural" that the situation underlying this case will occur again. *Golden v. Zwickler*, 394 U.S. 103, 109 (1969).

The first asserted distinction is that *Golden* involved a candidate who "left electoral politics to serve on the Supreme Court of New York," whereas "elections will continue with frequency in West Virginia" and the Plaintiffs "will seek to be involved in them." Pl. Mem. Resp. Mot. Dismiss (ECF #12) at 8. This assertion flatly misstates the facts of *Golden*, as Justices of the Supreme Court of New York are elected. *See* N.Y. Const. art. VI, § 6(c) (1961) ("The justices of the supreme court shall be chosen by the electors of the judicial district in which they are to serve. The terms of justices of the supreme court shall be fourteen years from and including the first day of January next after their election."). The issue in *Golden* was not whether there was a real and

immediate risk that the parties will be involved in future elections *generally*. Rather, the issue was whether there was a real and immediate risk that future elections will present the *specific* circumstances giving rise to the case.

*Golden* is applicable, and is squarely on point with this case. In *Golden*, it was "wholly conjectural" that Zwickler would again be prosecuted for "distributing the handbills referred to in the complaint." 394 U.S. at 109. Similarly, it is "wholly conjectural" that satellite voting will be done at Mountaineer Mall or any other location relevant to Plaintiffs' claim. Satellite voting locations are not designated until 90 days before an election. W. Va. Code § 3-3-2a(b); W. Va. Code St. R. § 153-13-3-4. As a practical matter, not every early voting location is subject to Section 3-3-2a(d)(5). *See* Mem. Supp. Mot. Dismiss (ECF #10) 6 ("At any satellite location where the property line is located within one hundred feet of the entrance, the allegedly unconstitutional boundary established by Section 3-2-2a(d)(5) is subsumed within the unchallenged boundary established by Section 3-9-9(c)."). Until that designation is made, it is wholly conjectural that Plaintiffs will be subject to the restriction established by Section 3-3-2a(d)(5).

The second asserted distinction is that "the parties have adverse legal interests," due to Defendant's "interest in enforcing laws limiting political speech at and around polling places." Pl. Mem. Resp. Mot. Dismiss (ECF #12) at 7-8. This asserted distinction is meaningless for two separate reasons. First, it is not a distinction, as *Golden* was brought against the county District Attorney. *See* 394 U.S. at 103. The defendant's "interest in enforcing laws" did not save that claim from mootness, and such an interest would not save this claim. That said, the second reason this assertion is irrelevant is because the Defendant does not have an interest in "enforcing" the statute at issue here. Rather, "[t]he official designated to supervise and conduct absentee voting is authorized to remove the material and to direct the sheriff of the county to enforce the prohibition."

2

W. Va. Code § 3-3-2a(d)(5). *See also* W. Va. Code § 3-3-2(a) ("Absentee voting is to be supervised and conducted by the proper official for the political division in which the election is held, in conjunction with the ballot commissioners appointed from each political party."). Indeed, the Plaintiffs' complaint does not allege an actual enforcement action was brought or threatened. *See* Cmpl. at ¶30 ("[Defendant] *suggested a location*" for electioneering that would comply with the statute (emphasis added)); *see also* Cmpl. ¶ 38 ("the attorney *informed* [Plaintiff Lewis]" of the text of Section 3-3-2a (emphasis added)).

Plaintiffs' arguments simply do not distinguish their claim from the claim in *Golden*. That claim was moot, and therefore, this claim is as well.

II. **Plaintiffs Have Not Met Their Burden To Show Their Claim Is "Capable Of Repetition But Evading Review"**

Plaintiffs assert that if their claim is moot, then it should still be reviewed under a narrow exception to the mootness doctrine. Pl. Mem. Resp. Mot. Dismiss (ECF #12) at 8-11. This exception requires that the claim be both "capable of repetition" and "evading review." *Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 462 (2007). A claim must satisfy both elements in order to fall within this exemption. *Id*. The burden is on the Plaintiffs to demonstrate both elements are satisfied. *J.W. v. Knight*, 452 F. App'x 411, 415 (4th Cir. 2011) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 288–89 (4th Cir.2007)) (the party who "invokes [this] exception to the mootness doctrine . . . bears the burden of demonstrating that the exception applies."). Plaintiffs have not offered a standard under which the facts underlying this claim are "reasonably likely" to reoccur. *Federal Election Commission*, 551 U.S. at 462. Thus, Plaintiffs cannot preserve their claim under this exception.

3

Plaintiffs cite a total of seven cases to support the proposition that, due to the inherently reoccurring nature of elections, claims relating to election regulations are always "reasonably likely to reoccur." Pl. Mem. Resp. Mot. Dismiss (ECF #12) at 9-10. However, none of the cited cases support taking this approach where, as here, the election regulation in question does not always apply. Five of the cases cited by Plaintiffs involve generally applicable, across-the-board election regulations. *See Int'l Org. of Masters, Mates & Pilots v. Brown*, 498 U.S. 466 (1991)[1] (restrictions on distribution of advertising material to candidates in union elections); *Federal Election Comm'n*, 551 U.S. at 449 (prohibition against all electioneering communications by corporate entities); *Davis v. Fed. Election Comm'n*, 554 U.S. 724 (2008) (contribution limitations); *Porter v. Jones*, 319 F.3d 483 (9th Cir. 2003) (prohibition against contracting for or brokering the exchange of votes); *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682 (2d Cir. 2013) (definition of "political committee").

Each of these five cases are consistent with the rule that where a State "maintains her present system" for elections from year to year, injuries alleged to arise from that continuous system are "capable of repetition" in each election. *Moore v. Ogilvie*, 394 U.S. 814, 816 (1969) (quoting *Southern Pacific Terminal Co.* 219 U.S. at 515). Where a regulation will apply regardless of other factors, as in the cases cited by Plaintiffs, then Plaintiffs' likelihood to continue the

---

[1] In addition to addressing an across-the-board regulation rather than a case-specific statute, *International Organization* presents a case where it was "undisputed" that the underlying issue was capable of repetition. 498 U.S. at 473. Thus, the limited discussion of repetition in that case was "'not essential' to the determination of the legal questions then before the court," but are mere *dicta*. *Municipality of San Juan v. Rullan*, 318 F.3d 26, 29 n.3 (1st Cir. 2003) (quoting *Dedham Water Co. v. Cumberland Farms Dairy*, 972 F.2d 453, 459 (1st Cir. 1992)).

4

conduct at issue here is all that is required to cause the situation to repeat. But as pointed out in the initial memorandum in support of this motion, West Virginia does not maintain her system of satellite voting locations from year to year. Mem. Supp. Mot. Dismiss (ECF #10) 6. The application of Section 3-3-2a(d)(5) is not triggered simply by Plaintiffs' conduct, but by the designation of satellite early voting locations. Notwithstanding Plaintiffs' declarations that they will electioneer at future early voting locations, these declarations do not speak to the likelihood that any future early voting locations, much less one targeted by Plaintiffs, will present the boundary-drawing issues required to trigger application of Section 3-3-2a(d)(5). *See id.* ("At any satellite location where the property line is located within one hundred feet of the entrance, the allegedly unconstitutional boundary established by Section 3-2-2a(d)(5) is subsumed within the unchallenged boundary established by Section 3-9-9(c)."). Nor do any of the aforementioned cases relate to such situation-specific election statutes, much less support the conclusion that intermittent applicability can be assumed.

The remaining cases cited by Plaintiffs are cited for propositions related to standing, a separate Article III threshold from mootness. *See* Pl. Mem. Resp. Mot. Dismiss (ECF #12) at 11. ("the chilling effect alone may constitute *injury*" (emphasis added); "plaintiffs met the threshold for *standing* for a First Amendment claim" (emphasis added)).

With a situationally applicable statute in one hand, and with no cases arguing that situationally applicable statutes are *per se* "reasonably likely" to be applicable at some point, Plaintiffs have not overcome their burden to show why the mootness doctrine does not apply. Accordingly, the mootness doctrine does apply, and this case should be dismissed.

5

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' complaint.

Respectfully submitted,

/s/ *Thomas T. Lampman*

Thomas T. Lampman
(WV Bar No. 13353)
Assistant Attorney General
OFFICE OF THE WEST VIRGINIA
ATTORNEY GENERAL
State Capitol
Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email:
thomas.t.lampman@wvago.gov

*Counsel for Mac Warner, Secretary of State of the State of West Virginia, in his official capacity as Secretary of State*

DATE: March 27, 2019

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2019, the foregoing has been served electronically on all parties represented by counsel using the Court's CM/ECF system.

/s/ *Thomas T. Lampman*
Thomas T. Lampman
(WV Bar No. 13353)
Assistant Attorney General
OFFICE OF THE WEST VIRGINIA
ATTORNEY GENERAL
State Capitol
Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email: thomas.t.lampman@wvago.gov

*Counsel for Mac Warner, Secretary of State of the State of West Virginia, in his official capacity as Secretary of State*