UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

VOTE NO ON AMENDMENT ONE, INC.
a West Virginia Corporation; KATHERINE LEWIS;
and STACY NORTH

    *Plaintiffs*,

v.                                                     Civil Action No. 2:18-cv-1406
                                                          (Honorable Thomas E. Johnston)

MAC WARNER, SECRETARY OF
STATE OF THE STATE OF WEST
VIRGINIA, in his official
capacity as Secretary of State

    *Defendant*.

MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

## CONTENTS

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I. The Eleventh Amendment Bars This Suit Against The Defendant. ................................. 3

    II. Plaintiffs Lack Article III Standing. ................................................................................ 5

CONCLUSION ............................................................................................................................... 7

CERTIFICATE OF SERVICE ....................................................................................................... 1

## INTRODUCTION

This lawsuit challenges the constitutionality of a statute that the Defendant does not enforce and is not alleged to have enforced, either against the Plaintiffs or against anyone else. Constitutional challenges that do not target the appropriate state officials are unable to circumvent the State's sovereign immunity. Moreover, a judgment against an official who does not enforce the challenged statute would not redress the asserted constitutional problem with the statute. Sovereign immunity and the absence of redressability are two independent reasons why this suit is beyond the jurisdiction of this Court, and therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## BACKGROUND

Plaintiff Vote No on Amendment One, Inc. ("Vote No") is a nonprofit corporation that was organized "with a specific purpose:" to advocate against a proposed amendment to the West Virginia Constitution in the November 6, 2018 election. Cmpl. ¶10. Plaintiffs Katherine Lewis ("Lewis") and Stacy North ("North") were volunteers with Vote No. Cmpl. ¶¶3-4. Plaintiffs allege that Lewis and North were engaged in electioneering activity supporting Vote No on November 3, 2018, the last day of the early voting period. Cmpl. ¶18. *See also* W. Va. Code § 3-3-3(a) ("The voting period for early in-person voting is to be conducted during regular business hours beginning on the thirteenth day before the election and continuing through the third day before the election.)". Plaintiffs further allege that Defendant informed them that West Virginia Code Section 3-2-2a prohibits such activities on the property of any polling location during early in-person voting. Cmpl. ¶¶ 38-39. Plaintiffs claim that informing them of the law constituted enforcement of the statute against them, which in turn violates the First Amendment. Cmpl. ¶54.

Plaintiffs filed this suit under the Declaratory Judgment Act after early voting had ended and the day before the election, on November 5, 2018. Cmpl. ¶¶8, 64. Plaintiffs did not allege any criminal or civil action related to Section 3-2-2a had been initiated against them, or even threatened. Nor did Plaintiffs seek any emergency or expedited relief. Indeed, Plaintiffs did not even serve the summons and complaint on Defendant until February 12, 2019, a full three months after the election was complete. Returned Summons, ECF Docket No. 7.[1]

## ARGUMENT

Both Article III of the Constitution and the Eleventh Amendment exclude Plaintiffs' claim against the Defendant from the jurisdiction of the federal courts. Thus, these claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

"Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). Thus, when a court lacks jurisdiction to hear a suit, the suit must be dismissed under Federal Rule of Civil Procedure 12(b)(1). There are two independent reasons why this court does not have jurisdiction to hear this suit. *First*, the Secretary of State has sovereign immunity in federal court against suits alleging claims like those at issue here. *Second*, Plaintiffs do not have standing to allege a "case or controversy" as required by Article III of the United States Constitution. Accordingly, the Court should dismiss this action.

---

[1] Plaintiffs mailed a summons to Defendant on January 14, 2019, but Federal Rule of Civil Procedure 4 does not authorize service by mail. Plaintiffs did not request waiver of service, and instead made personal service on Defendant's authorized representative.

2

**I. The Eleventh Amendment Bars This Suit Against The Defendant.**

West Virginia's Constitution is clear: the State "shall never be made defendant in any court of law or equity." W. Va. Const. art VI, § 35. The Eleventh Amendment applies this jurisdictional limitation to the federal courts. *Hans v. Louisiana*, 134 U.S. 1 (1890). Moreover, suits against officers of the State in their official capacities are effectively suits against the State. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Consequently, "federal courts may not entertain a private person's suit against" the State or its officers acting in their official capacity unless the State waives its sovereign immunity or the federal government abrogates it. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Neither condition is satisfied here: Plaintiffs have not alleged waiver or abrogation, and there is no plausible basis on which they could.

Because sovereign immunity is "a structural definition of our constitutional system" that "has never been doubted," *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001) (*en banc*), the United States Supreme Court has demanded that exceptions to state immunity from suit be "narrowly construe[ed]." *Pennhurst State School and Hosp.*, 465 U.S. at 105, 114 n.25 (1984). The narrow exception in *Ex parte Young* to the general rule of sovereign immunity does not apply here. Federal courts may hear suits against state officers in their official capacity if—and only if—the official is "clothed with some duty in regard to the enforcement of the laws of the state" *and* "threaten[s] and [is] about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act." *Ex parte Young*, 209 U.S. 123, 155–56 (1908). In those narrow circumstances, the official "may be enjoined by a Federal court of equity from such action." *Id*. This exception is thus designed to protect against imminent enforcement of an unconstitutional statute, not to provide an avenue to challenge broadly state policies with which a plaintiff disagrees. Therefore, there must be a "'special relation' between the officer being

3

sued and the challenged statute" before *Ex parte Young* applies. *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (quoting *Young*, 209 U.S. at 157). This requirement "is not met when an official merely possesses "[g]eneral authority to enforce the laws of the state." *Id*. (quoting *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 331 (4th Cir.2008)).

Plaintiffs' suit against Defendant does not satisfy either requirement of *Ex Parte Young*. *First*, Defendant is not "clothed in an official duty" with respect to Section 3-3-2a(d)(5). Rather, "[t]he official designated to supervise and conduct absentee voting is authorized to remove the material and to direct the sheriff of the county to enforce the prohibition." W. Va. Code § 3-3-2a(d)(5). *See also* W. Va. Code § 3-3-2(a) ("Absentee voting is to be supervised and conducted by the proper official for the political division in which the election is held, in conjunction with the ballot commissioners appointed from each political party."). Although the Secretary may "investigate the administration of election laws" and "report violations to the appropriate prosecuting officials, W. Va. Code § 3-1A-6(c), "[g]eneral authority to enforce the laws of the state" does not satisfy this requirement. *McBurney*, 616 F.3d at 399. *Second*, the Plaintiffs' complaint does not allege a threat to commence civil or criminal proceedings. *See* Cmpl. at ¶30 ("[Defendant] *suggested a location*" for electioneering that would comply with the statute (emphasis added)); *see also* Cmpl. ¶ 38 ("the attorney *informed* [Plaintiff Lewis]" of the text of Section 3-3-2a (emphasis added)). Indeed it could not, as even under this general authority the authority to initiate—or not initiate—an enforcement action would not rest with the Defendant.

Without "an actual enforcement connection—some enforcement power or act that can be enjoined," Plaintiffs have alleged no facts that could support an exception to West Virginia's sovereign immunity. *Okpalobi*, 244 F.3d at 411. Therefore, this action is beyond this Court's jurisdiction and must be dismissed.

4

## II. Plaintiffs Lack Article III Standing.

In addition to naming Defendants who are immune from suit, Plaintiffs themselves do not meet "[t]he irreducible constitutional minimum of standing" required by Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In order to establish a valid case or controversy, Plaintiffs must show: (1) that they have suffered an "injury in fact;" (2) that their injury is "fairly traceable to the challenged action[s] of the [Defendants];" and (3) that it is "likely, as opposed to merely speculative, that [their] injury will be redressed by a favorable decision." *Id*. at 560-61 (quotation marks omitted). Because Plaintiffs failed to show how the judgment requested will redress their injury, they lack Article III standing.

For an injury to satisfy the redressability prong, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Jemsek v. Rhyne*, 662 F. App'x 206, 210 (4th Cir. 2016) (quoting *Lujan*, 504 U.S. at 561). Where a defendant has "no authority to prevent" another party "from invoking the statute," then a challenge against that statute is not redressed by prevailing against that defendant. *Okpalobi*, 244 F.3d at 427. *See also Digital Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 958 (8th Cir. 2015) (no redressability if private litigants can rely on challenged law). Nor can a declaratory judgment, "[b]y itself," constitute "redress" for purposes of Article III standing. *Jemsek*, 662 F. App'x at 210 (quoting *Comite de Apoyo a los Trabajadores Agricolas (CATA) v. U.S. Dep't of Labor*, 995 F.2d 510, 513 (4th Cir. 1993).). "Rather, plaintiffs must identify some further concrete relief that will likely result from the declaratory judgment." *Id*.

An injunction against the Defendant would not redress Plaintiffs' claim in any immediate sense, as the Defendant does not enforce Section 3-3-2a(d)(5). Moreover, the Secretary has no authority to prevent county officials from relying on the statute. The challenged provision expressly authorizes these officials to "remove" electioneering material and "direct the sheriff of

5

the county to enforce the prohibition." W. Va. Code § 3-3-2a(d)(5). It is true that the Secretary can promulgate regulations that control how these officials perform their duties. W. Va. Code § 3-1A-6(a). However, under West Virginia law these regulations cannot override or contradict an express statutory provision. Rather, "[w]here a statute contains clear and unambiguous language, an agency's rules or regulations must give that language the same clear and unambiguous force and effect that the language commands in the statute." *Moore v. K-Mart Corp.*, 234 W. Va. 658, 663, 769 S.E.2d 35, 40 (2015) (quoting Syl. Pt. 4, *Maikotter v. Univ. of W.Va. Bd. of Trs.*, 206 W.Va. 691, 527 S.E.2d 802 (1999)). The Secretary cannot forbid by rule what is permitted by statute, and therefore does not have the authority to forbid county officials from enforcing Section 3-3-2a(d)(5).

Plaintiffs are seeking only an injunction against Defendant and declaratory judgment. Cmpl. ¶¶63-67. An injunction against the Defendant will not and cannot prevent county election officials from enforcing the challenged statute, and Plaintiffs may not satisfy Article III by seeking redress solely in the form of a declaratory judgment. Accordingly, Plaintiffs have not cleared the Article III threshold, and their claim should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' complaint.

Respectfully submitted,

/s/ *Thomas T. Lampman*

Thomas T. Lampman
(WV Bar No. 13353)
Assistant Attorney General
OFFICE OF THE WEST VIRGINIA
ATTORNEY GENERAL
State Capitol
Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email:
thomas.t.lampman@wvago.gov

*Counsel for Mac Warner, Secretary of State of the State of West Virginia, in his official capacity as Secretary of State*

DATE: April 1, 2019

## CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of April, 2019 the foregoing has been served electronically on all parties represented by counsel using the Court's CM/ECF system.

        /s/ *Thomas T. Lampman*
        Thomas T. Lampman
        (WV Bar No. 13353)
        Assistant Attorney General
        OFFICE OF THE WEST VIRGINIA
        ATTORNEY GENERAL
        State Capitol
        Building 1, Room E-26
        Charleston, WV 25305-0220
        Telephone: (304) 558-2021
        Facsimile: (304) 558-0140
        Email: thomas.t.lampman@wvago.gov

        *Counsel for Mac Warner, Secretary of State of the State of West Virginia, in his official capacity as Secretary of State*