UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

VOTE NO ON AMENDMENT ONE, INC.
a West Virginia Corporation; KATHERINE LEWIS;
and STACY NORTH

    *Plaintiffs*,

v.                                                                             Civil Action No. 2:18-cv-1406
                                                                           (Honorable Thomas E. Johnston)

MAC WARNER, SECRETARY OF
STATE OF THE STATE OF WEST
VIRGINIA, in his official
capacity as Secretary of State

    *Defendant*.


REPLY MEMORANDUM OF LAW
IN SUPPORT OF SECOND MOTION TO DISMISS

**CONTENTS**

ARGUMENT ................................................................................................................... 1

I. *Ex Parte Young* Does Not Allow Plaintiffs' Claims To Bypass Sovereign Immunity. .................................................................................................... 1

A. Defendant did not enforce or threaten to enforce the challenged statute. ................................ 2

B. Defendant has no "special relation" to the enforcement of the challenged statute. ................................................................................................................... 3

II. Plaintiffs Have Not Shown Their Claim Is Redressable By A Favorable Outcome. ..................................................................................................... 5

CONCLUSION ............................................................................................................... 7

CERTIFICATE OF SERVICE ....................................................................................... 1

**ARGUMENT**

Plaintiffs' response does not identify a basis for bypassing Eleventh Amendment sovereign immunity in this case. Plaintiffs' attempt to invoke the narrow *Ex parte Young* exception fails for two independent reasons: *first*, no civil or criminal enforcement action was so much as threatened, much less initiated against Plaintiffs; and *second*, Defendant has no "special relation" to the enforcement of the challenged statute. Relatedly, yet independently, Plaintiffs' have failed to demonstrate they have standing to bring this suit, and their response does not show how a judgment against Defendant will redress their claimed injury. Irrespective of whether Defendant has any enforcement power to enjoin, enjoining Defendant will not prevent county election officials from relying on their own freestanding authority to enforce the challenged statute. Accordingly, Plaintiffs claims should be dismissed both as barred by sovereign immunity and as failing to demonstrate a redressable case or controversy as required by Article III.

**I.     *Ex Parte Young* Does Not Allow Plaintiffs' Claims To Bypass Sovereign Immunity.**

"[F]ederal courts may not entertain a private person's suit against" the State or its officers acting in their official capacity unless the State waives its sovereign immunity or the federal government abrogates it. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Neither condition is satisfied here: Plaintiffs have not alleged waiver or abrogation, and there is no plausible basis on which they could. The response contests the application of sovereign immunity to this case by invoking the narrow exception to the Eleventh Amendment established in *Ex parte Young*, 209 U.S. 123 (1908). Pl.'s Mem. Opp. Mot. Dismiss, ECF No. 17, at 6-8. Plaintiffs argue that Defendant "is not protected by sovereign immunity" because he "is a state official who is clothed with some duty in regard to the enforcement of the laws of the state." *Id*. at 8 (internal quotations omitted). This argument ignores one element of the narrow *Ex parte Young*

exception—an actual or threatened enforcement proceeding—and overstates Defendant's enforcement authority to satisfy a second element. For each of these reasons, *Ex parte Young* does not apply.

There are two requirements to invoking *Ex parte Young*. The suit must be against "individuals who, as officers of the state," are both "clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce . . . an unconstitutional act." 209 U.S. at 155-56 (emphasis added).

**A. Defendant did not enforce or threaten to enforce the challenged statute.**

Plaintiffs have made no allegation addressing the second requirement. The complaint does not allege Defendant made any threat to commence civil or criminal proceedings. *See* Cmpl., ECF No. 1, at ¶30 ("[Defendant] *suggested a location*" for electioneering that would comply with the statute (emphasis added)); *see also* Cmpl. ¶ 38 ("the attorney *informed* [Plaintiff Lewis]" of the text of Section 3-3-2a (emphasis added)). The response to this motion to dismiss adds only that "Defendant . . . has not alleged that he at any time contacted any other enforcing authority to intervene." Pl.'s Mem. Opp. Mot. Dismiss, ECF No. 17, at 8. This argument inverts both the substance of this analysis and the burden of proof. Paradoxically, Plaintiffs seem to argue that Defendant was threatening an enforcement proceeding by *not* soliciting involvement from enforcement authorities. If Defendant *had* reached out to invoke the authority of those who actually hold the power to enforce Section 3-3-2a(d)(5)—county election officers or the county sheriff —then there would be an argument that Defendant had "threaten[ed] and [was] about to commence proceedings." *Ex parte Young*, 209 U.S. at 156. But it falls to Plaintiffs, not Defendant, to "allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d

2

1213, 1219 (4th Cir. 1982). Absent an allegation of an enforcement action, this claim is not within the *Ex parte Young* exception to sovereign immunity.

**B. Defendant has no "special relation" to the enforcement of the challenged statute.**

Plaintiffs' silence on the second element of *Ex parte Young* belies the flaw in their approach to the first element: the requirement of a "'special relation' between [Defendant] and the challenged statute." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex parte Young*, 209 U.S. at 157). Indeed, Plaintiffs *could not have* alleged Defendant actually initiated or threatened any enforcement action against them, as this enforcement power rests squarely with other officials. Plaintiffs do not address the point, raised in the memorandum supporting this motion, that enforcement of Section 3-3-2a(d)(5) rests with county officials, not with Defendant. Mem. Supp. Mot. Dismiss, ECF No. 15, at 4. Neither Plaintiffs' briefs nor the state election code suggest Defendant has a specific statutory duty to enforce the challenged statute—indeed, the code expressly distinguishes between Defendant and the "appropriate prosecuting officials" who prosecute violations. W. Va. Code § 3-1A-6(c). Where a state statute is challenged under *Ex parte Young*, a state official who "lacks a specific duty to enforce the challenged statutes" and has no other "special relation" to the statute is not a proper party. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001).

Plaintiffs cite to a single statute which purports to connect Defendant to the enforcement of the challenged statute: the provision which gives Defendant "the authority, after consultation with the State Election Commission, of which he or she is a member, to make, amend and rescind such orders and to promulgate legislative rules . . . as may be necessary to standardize and make effective the provisions of this chapter." *See* Pl.'s Mem. Opp. Mot. Dismiss, ECF No. 17, at 6-7 (quoting W. Va. Code § 3-1A-6(a)). It is true that "election officials, county commissions, clerks

3

of county commissions, clerks of circuit courts, boards of ballot commissioners, election commissioners and poll clerks" are required to follow such orders when the Defendant and the State Election Commission issue them. *Id*. Such orders could, in theory, relate to the enforcement of the challenged statute. But this is precisely the dynamic that existed in *McBurney*. There was no "special relation" between the defendant in that case and the statute at issue, and applying that case to these facts produces the same result.

In *McBurney*, the Attorney General "ha[d] no specific statutory enforcement authority" under the challenged statute, but did have "general authority to issue advisory opinions." 616 F.3d at 401. These advisory opinions could have "specifically direct[ed] state agencies" to enforce the statute. *Id*. However, the Attorney General "ha[d] not issued any" such directives to enforcement agencies, "nor ha[d] he participated in the decisionmaking process of those agencies." *Id*. Therefore, his connection to the statute was "not sufficient to establish a 'special relation' for *Ex parte Young* purposes." *Id*. So too here. Defendant can only issue orders that bind county election officials, W. Va. Code § 3-1A-6(a), but such an order could theoretically direct county election officials to ask county sheriffs to initiate civil or criminal enforcement proceedings under the challenged statute. However, Plaintiffs do not argue that Defendant "has [] issued any" such directives" or "participated in the decisionmaking process" of any county official who initiated civil or criminal enforcement proceedings. *Id*. Thus, *McBurney* squarely applies, and *Ex parte Young* does not.

Plaintiffs attempt to distinguish *McBurney* by characterizing Defendant's actions as having "enforced" the challenged statute. Pl.'s Mem. Opp. Mot. Dismiss, ECF No. 17, at 8. But as discussed above, neither Defendant nor anyone else has initiated civil or criminal enforcement actions against Plaintiffs. Indeed, no statute authorizes Defendant to initiate such proceedings. If

4

a statute did authorize Defendant to initiate enforcement proceedings under Section 3-3-2a(d)(5), Plaintiffs would not have needed to rely on Defendant's generalized "order"-giving power as the basis for a "special relation" between Defendant and the challenged statute. Moreover, this authority to issue "orders" is not enough to find a "special relation" where there is no connection between an order of Defendant's and an enforcement action. And of course, with no underlying enforcement proceeding in the first place, Plaintiffs' claim does not even clear the first hurdle to invoking *Ex parte Young*. For either of the foregoing reasons, this claim should be dismissed as barred by the Eleventh Amendment.

## II. Plaintiffs Have Not Shown Their Claim Is Redressable By A Favorable Outcome.

Plaintiffs' claim is not a "case or controversy" within the meaning of Article III because prevailing in this litigation will not redress their injury. The enforcement power under Section 3-3-2a(d)(5) rests with county election officials, and Plaintiffs' response does not show that a ruling only against Defendant will prevent future instances of their asserted injury.

The response asserts that securing an injunction against Defendant would also prevent "county clerks and election officials operating under the guidance of the Secretary of State's Office" from enforcing the challenged statute. Pl.'s Mem. Opp. Mot. Dismiss, ECF No. 17, at 10. The response does not identify a specific mechanism through which this would be achieved, but it is incorrect. No other official is named in this litigation, and thus no other official will be bound by any ensuing judgment. *See Zenith Radio Corp. v. Hazeltine Research Inc.*, 395 U.S. 100, 110 (1969) ("[A] person cannot be bound by a judgment in litigation to which he is not made a party or in which he is not served with process.")). Even if Defendant were ordered to issue a formal rule to prohibit enforcement of the challenged statute—relief not contemplated by the Complaint, *see* ECF No. 1 at ¶¶63-67—the effect of this judgment would not be binding on the county election

5

officials subject to that rule. Thus, those county election officials would have a viable basis to challenge that order as depriving them of their dedicated statutory authority to enforce Section 3-3-2a(d)(5). As pointed out in the initial memorandum in support of this motion, such a rule would be beyond Defendant's authority to promulgate. Mem. Supp. Mot. Dismiss, ECF No. 15, at 6 (citing *Moore v. K-Mart Corp.*, 234 W. Va. 658, 663, 769 S.E.2d 35, 40 (2015); Syl. Pt. 4, *Maikotter v. Univ. of W.Va. Bd. of Trs.*, 206 W.Va. 691, 527 S.E.2d 802 (1999)).

Plaintiffs have not shown how a judgment against Defendant will prevent enforcement of the challenged statute by county election officials. Indeed, Defendant has "no authority to prevent" another party "from invoking the statute," and therefore Plaintiffs' challenge will not be redressed by prevailing in this case. *Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001) (*en banc*). *See also Digital Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 958 (8th Cir. 2015) (no redressability if private litigants can rely on challenged law). Accordingly, Plaintiffs have no standing to maintain this suit under Article III, and the case should be dismissed.

6

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' complaint.

Respectfully submitted,

/s/ *Thomas T. Lampman*

Thomas T. Lampman
(WV Bar No. 13353)
Assistant Attorney General
OFFICE OF THE WEST VIRGINIA
ATTORNEY GENERAL
State Capitol
Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email:
thomas.t.lampman@wvago.gov

*Counsel for Mac Warner, Secretary of State of the State of West Virginia, in his official capacity as Secretary of State*

DATE: April 22, 2019

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of April, 2019, the foregoing has been served electronically on all parties represented by counsel using the Court's CM/ECF system.

/s/ *Thomas T. Lampman*
Thomas T. Lampman
(WV Bar No. 13353)
Assistant Attorney General
OFFICE OF THE WEST VIRGINIA
ATTORNEY GENERAL
State Capitol
Building 1, Room E-26
Charleston, WV 25305-0220
Telephone: (304) 558-2021
Facsimile: (304) 558-0140
Email: thomas.t.lampman@wvago.gov

*Counsel for Mac Warner, Secretary of State of the State of West Virginia, in his official capacity as Secretary of State*